| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE NOBLE SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF NOBLE ) | | CAUSE NO._____ |

| | |
|---|---|
| BRUCE A. CARMEAN | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CARLEX GLASS AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff Bruce A. Carmean alleges against Defendant that:

1. Plaintiff is Bruce Carmean, a resident of Wawaka in Noble County, Indiana.

2. Defendant is Carlex Glass America, LLC, d/b/a Carlex Glass, which has a physical facility at 860 U.S. 6, Ligonier, Indiana 46767 where Plaintiff actually worked. Defendant's registered agent is National Registered Agent, Inc., 334 North Senate Avenue, Indianapolis, Indiana 46204. Defendant's corporate office is located at 7200 Centennial Blvd., Nashville, Tennessee 37209.   Defendant is an "employer" for purposes of the American with Disabilities Act of 1990, 42 U.S.C. § 1211 *et seq.* ("ADA") as well as the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Family First Coronavirus Response Act ("FFCRA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.  Plaintiff filed a Charge of Discrimination, No. 470-2021-00385 with the Equal Employment Opportunity Commission on November 3, 2020, attached hereto and incorporated herein as Exhibit A.   The EEOC issued a Notice of Right to Sue on March

–1–

31, 2021 (Exhibit B), and this Complaint has been filed within ninety (90) days after receipt.

4. Plaintiff claims he was discriminated against and suffered retaliation on account of his disability, perceived disability, record of impairment, and for engaging in the interactive process and for requesting but being denied reasonable accommodations – all in violation of the ADA. Plaintiff was also treated differently and was fired because of his sex, male.

5. Defendant violated Plaintiff's rights under the FMLA and the FFCRA, as well as the ADA, in that:

   a) During the Covid-19 pandemic, Defendant falsely accused Plaintiff of being around a person who tested positive for Covid-19, but this was false.

   b) Defendant required Plaintiff's girlfriend to be off work from June 5, 2020 to June 15, 2020 because of the possible exposure to Covid-19, but she never tested positive for and never displayed symptoms of Covid-19.

   c) Defendant also required Plaintiff to stay away from work from June 5, 2020 to June 15, 2020, which Plaintiff did.

   d) On June 15, 2020, Defendant fired Plaintiff because he was regarded as disabled, because he was ordered away from work because of Covid-19, and because he was perceived as suffering from a serious health condition (infection with the Covid-19 virus) and because of his sex, male (his girlfriend – female - was allowed to return to work).

   e) Defendant falsely claimed that plaintiff was fired because he was belligerent – but

this was a fake and pretextual reason. In fact, Plaintiff was fired because his perceived disability and serious health condition (infection with Covid-19), his affiliation with his father-in-law and/or girlfriend, and/or his sex (male).

6. As a result of Defendant's discriminatory and retaliatory termination, Plaintiff lost his job and job-related benefits including income. Plaintiff experienced financial distress, emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other injuries for which he seeks compensatory damages.

7. Defendant acted intentionally and in reckless disregard of Plaintiff's federally protected civil rights warranting an imposition of punitive damages and liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for backpay, front pay, compensatory damages, punitive damages, liquidated damages, reasonable attorney's fees and costs, cost of this action and for all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,
**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
             ismith@myers-law.com
*Counsel for Plaintiff*

57D01-2106-CT-000019  Filed: 6/29/2021 10:37 AM
Clerk
USDC IN/ND case 1:21-cv-00287-SLC   Noble Superior Court 6   filed 06/29/21   page 4 of 7  Noble County, Indiana

NOV/03/2020/TUE 12:38 PM          FAX No.                    EEOC                    P. 005
                                                             Indianapolis District Office
                                                             RECEIVED 11/03/20

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 470-2021-00385 |

Equal Employment Opportunity Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Bruce Carmean | 260-579-6938 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 7247 N. 290 West | Wawaka, Indiana 46794 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CARLEX GLASS AMERICA, LLC, d/b/a Carlex Glass, a/k/a "Carlex" | 100+ | 615-350-7500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 860 U.S. 6 | Ligonier, IN 46767 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Registered agent: National Registered Agents, Inc. | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 334 North Senate Avenue | Indianapolis, IN, 46204 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*
PREGNANCY

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (specify) FMLA/FFCRA

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: June 2020   Latest: 6/15/20

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  Complainant is Bruce Carmean, a qualified employee of the Respondent's that had a perceived disability and was affiliated with an individual with a condition qualifying as a disability/perceived disability. The Complainant contends that the Defendant discriminated against and retaliated against him in violation of his federally protected rights under the Americans with Disabilities Act, 42 U.S.C. § 12112 *et sq.* ("ADA").

I.  The Respondent is Carlex Glass America, LLC, d/b/a Carlex Glass, a/k/a "Carlex", a company doing business at 860 U.S. 6, Ligonier, IN 46767. The Respondent's registered agent is National Registered Agents, Inc., located at 334 North Senate Avenue, Indianapolis, IN, 46204. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA.

II. Complainant was employed by the Respondent for 8 years, until his wrongful termination on or about June 15, 2020. Complainant held the position of maintenance technician at the time of separation from employment. He performed within the reasonable expectations of the employer at all material times to this Charge, and had no disciplinary actions during the two years leading up to the wrongful termination.

Continued on Page 2

EXHIBIT A

USDC IN/ND case 1:21-cv-00287-SLC  document 6  filed 06/29/21  page 5 of 7

NOV/03/2020/TUE 12:39 PM  FAX No.  P. 006

EEOC
Indianapolis District Office
RECEIVED 11/03/20

470-2021-00385

III. From early 2020 through the date of this Charge, the Indiana has been plagued by the Covid-19 novel coronavirus pandemic.

IV. During the same time, the Complainant has cohabitated with a female coworker, named Ashley Terry (now known as Ashley Carmean).

V. On May 30, 2020, the Complaint's girlfriend Ashley visited her father's home, while Complainant was at work and he never came in contact with her father. On June 1, 2020, the father underwent testing for the novel coronavirus. On June 2, 2020, Ashley Terry notified the Respondent's Human Resources department that her father was being tested but that nothing had yet been determined as to whether he had contracted the virus. Ashley Terry was told to stay at work due to no symptoms.

VI. The Complainant himself had no symptoms, so he attended work as scheduled from June 2, 2020 until June 4, 2020. On June 4, 2020, father's results came back positive. Ashley Terry called and informed Respondent on June 4, 2020 as soon as they found out the positive results, approximately 6:30 p.m.

VII. From June 5, 2020 until June 15, 2020, the Respondent had the Complainant's girlfriend off work, due to her possible exposure to the novelle coronavirus, presumably in the hopes of minimizing other employee's exposure to the virus. The Complainant's girlfriend never developed symptoms and never tested positive for the novel coronavirus.

VIII. On June 5, 2020, the Respondent's representative Dawn Riggin contacted the Complainant and told him to stay off work until either his girlfriend tested negative or the required fourteen (14) days had expired.

IX. On June 5, 2020 the Respondent also instructed the Complainant he should not come into work from June 5, 2020 to June 15, 2020 due to the Complainant's possible exposure to the coronavirus. The Respondent would contact the Complainant and his girlfriend almost daily wanting to know if they had been tested yet.

X. On Sunday June 7, 2020, was not a scheduled work day for the Complaint, as he normally worked every other Sunday. On that day, he went riding on his bike with his girlfriend (who also worked at Carlex), and three coworkers. This "ride" event had approximately 20-30 individuals that attended and apparently it had been scheduled by a co-worker of the Complainant. The Complainant had no idea that any co-workers were going to attend the ride.

XI. On or about Tuesday, June 9, 2020, the Defendant's representatives Steve Hobart sent a text to Complainant telling him to call him ASAP. Complainant called Steve Hobart and he asked what happened on June 7th and also asked how he was going to explain us being on a motorcycle riding during quarantine. Then on June 12, 2020, Steve Hobart, Dawn Riggin, and Larry Gough called the Complainant demanding to know why the Complainant went on a bike ride on June 7, 2020 while he was off work. The Complainant expressed concerns and alarm that the Respondent was inquiring into his private, off duty, non-work-related activities.

XII. Later that afternoon, the Complainant texted the Respondent that his girlfriend and coworker Ashley received medical clearance to return to work on the upcoming Monday. The Complainant also texted the Respondent to find out about his own return to work date.

XIII. On about June 15, 2020 the Complainant was notified by the Respondent that he was being terminated. The proffered reason for termination was that he was allegedly "belligerent".

Continued on Page 3

XIV. The Complaint contends that the proffered reason for termination was false in pretextual, and that the real reason he was terminated was because the Respondent perceived him to be disabled and infected with the coronavirus, and/or they terminated him due to his association and affiliation with his father-in-law and/or girlfriend, whom they considered to be or have been infected with and to have infected the Complainant with the novel coronavirus. The Respondent's complained of conduct was in violation of the Complainant's federally protected rights under the ADA.

XV. The Respondent's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant loss of his job- and job-related benefits including income, and subjected the Complainant also to inconvenience, mental anguish, emotional distress, and other damages and injuries. The Complainant is entitled to compensatory damages and reasonable attorney fees and costs from the Respondent.

XVI. The Respondent's unlawful discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's rights under the ADA. The Complainant is entitled to punitive damages from the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/29/2020
Date                Charge Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME
(month, day, year)
10/29/2020

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

57D01-2106-CT-000019
Filed: 6/29/2021 10:37 AM
Clerk
Noble County, Indiana
USDC IN/ND case 1:21-cv-00287-HAB-SLC document 6 filed 09/20/21 page 7 of 7
EEOC Form 161 (11/2020)

**U.S. Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Bruce Carmean<br>7247 N 290 West<br>Wawaka, IN 46794 | From: Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-00385 | Marc A. Fishback,<br>Enforcement Supervisor | (463) 999-1179 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For: Michelle Eisele,
District Director

3/31/21
*(Date Issued)*

Enclosures(s)

cc: Carlex Glass America
C/O Fred J. Bissinger, Member
WIMBERLY LAWSON
208 Prairie View Drive
Franklin, TN 37064

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street, Suite 400
Fort Wayne, IN 46802

EXHIBIT B